

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

CHARLOTTE
CARILLON TOWER

**Robert M. Vrana**
P 302.571.6726
rvrana@ycst.com

September 12, 2025

**BY E-FILE AND HAND DELIVERY**

The Honorable Colm F. Connolly
United States District Court for the District of Delaware
844 North King Street Wilmington DE 19801

    Re:   *Sun v. Bloomberg L.P. et al.*, C.A. No. 25-1007-CFC
           Response to Renewed Motion for TRO and Preliminary Injunction

Dear Chief Judge Connolly

       Bloomberg L.P. and Bloomberg Inc. ("Bloomberg") received notice at 6:35 pm Eastern last night that Plaintiff Yuchen Justin Sun has filed a Renewed Motion for a Temporary Restraining Order (D.I. 18) nearly a month after Plaintiff withdrew a materially identical motion (D.I. 3, 15). Through his motion, Plaintiff asks the Court to order Bloomberg to remove information about Plaintiff's cryptocurrency holdings from Bloomberg's online news articles. (D.I. 18.) Bloomberg published this information as part of a profile on Sun in the Bloomberg Billionaire's Index news feature on August 11, 2025—before Plaintiff filed his first Motion for a Temporary Restraining Order—and that profile has consistently remained online for a month.[1]

       Plaintiff's Motion for a Temporary Restraining Order is facially deficient and the Court should therefore deny emergency relief and schedule a

---

[1] *Justin Sun*, Bloomberg Billionaires Index (last visited Sept. 11, 2025) https://www.bloomberg.com/billionaires/profiles/h-e-justin-sun/?embedded-checkout=true.

Young Conaway Stargatt & Taylor, LLP
The Honorable Colm F. Connolly
September 12, 2025
Page 2

preliminary injunction hearing in the ordinary course. There are several reasons apparent on the face of the Motion that show Plaintiff cannot possibly prevail on his Motion. First, the injunctive relief Plaintiff seeks is a clear prior restraint prohibited by the First Amendment. Temporary restraining orders and preliminary injunctions are almost never granted against journalists for what they have published or may publish; such prior restraints are permitted only in truly "exceptional cases," such as where the speech at issue would reveal the movements of troop ships in war time. *Near v. Minnesota ex rel. Olson*, 283 U.S. 697, 716 (1931).[2] But this is a case involving a crypto billionaire who is upset because a news report said he had more of a certain cryptocurrency than he wanted the public to know – based on information that his own representatives provided on the record. There is no colorable argument that a prior restraint could be supported here.

Second, there is no emergency. "[A] temporary restraining order is an extraordinary and drastic remedy" that is intended merely "to preserve the status quo so that a reasoned resolution of a dispute may be had." *Bullock v. Carney*, 463 F. Supp. 3d 519, 523 (D. Del. 2020) (quotations marks omitted). The profile at issue here has been online for a month. Plaintiff seeks to change the status quo, not to preserve it; and there is no crisis warranting judicial intervention, much less of an emergency nature.

Third, Plaintiff "has made no showing that he will be irreparably harmed if [the Court] do[es] not issue his proposed temporary restraining order." *Id.* at 524. Despite the profile being online for weeks, Plaintiff fails to identify any harm he has actually experienced due to Bloomberg's publication of the profile. Tellingly, Plaintiff's declaration in support of his motion is dated August 11 and is the same declaration he submitted in support of his first Motion for a Temporary Restraining Order. (*Compare* D.I. 5 *with* D.I. 21.) Moreover, Plaintiff has never filed an amended complaint to reflect that the profile has been published, so the motion seeks relief based on a stale pleading. If Plaintiff were going to "suffer irreparable harm in the absence of preliminary relief," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), he would be able to articulate some specific harm from the past month.

---

[2] The compelled removal of news or other speech already published qualifies as a prior restraint because it bars the future republication of the speech that otherwise would have occurred. *See, e.g.*, *Garcia v. Google, Inc.*, 786 F.3d 733, 747 (9th Cir. 2015) (en banc) (injunction compelling removal of published YouTube video would be "classic prior restraint of speech").

Young Conaway Stargatt & Taylor, LLP
The Honorable Colm F. Connolly
September 12, 2025
Page 3

That he has not bothered to (because he cannot) offer any examples at all of such harm conclusively refutes any claimed necessity for an emergency injunction.

      For these reasons, the Court should deny Plaintiff's baseless and wasteful Motion for a Temporary Restraining Order and allow the case to proceed in the ordinary course so the parties can develop an appropriate record and the Court can "give the case the considered reflection it deserves." *Bullock*, 463 F. Supp. 3d at 525. However, if the Court does not deny Plaintiff's Motion for a Temporary Restraining Order outright, Bloomberg requests the opportunity to fully brief its opposition by any reasonable deadline the Court sets.

      Respectfully

      */s/ Robert M. Vrana*

      Robert M. Vrana (No. 5666)