# BakerHostetler

Baker&Hostetler LLP

1201 N. Market Street
Suite 1407
Wilmington, DE  19801

T  302.319.2799
www.bakerlaw.com

September 12, 2025

Jeffrey J. Lyons
direct dial: 302.407.4222
jjlyons@bakerlaw.com

**VIA CM/ECF**

The Honorable Colm F. Connolly
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:   *Sun v. Bloomberg, L.P. and Bloomberg, Inc.*,
        C.A. No. 25-1007 (CFC)

Dear Chief Judge Connolly:

I write on behalf of Plaintiff Yuchen Justin Sun in response to Defendants Bloomberg L.P.'s and Bloomberg Inc.'s (together, "Bloomberg") letter (D.I. 26) and in further support of the Renewed Motion for a Temporary Restraining Order and Preliminary Injunction (D.I. 18) (the "Renewed Motion").

Mr. Sun continues to be harmed by ongoing publication and threatened additional publication of confidential and private information about him and a temporary restraining order is warranted.

Mr. Sun withdrew his initial Motion for Temporary Restraining Order (D.I. 3; D.I. 15) based on an understanding that Defendant was willing to negotiate an out-of-court resolution if Mr. Sun withdrew the motion.  Not only was that negotiation protracted and fruitless, but Defendant also sought to and did unnecessarily lengthen that negotiation.  Defendants now seek to have Mr. Sun penalized for the time spent pursuing the out-of-court resolution.  As more time passes, however, the need for immediate relief has only grown.

As the Renewed Motion and supporting documents make clear, the harm of publication continues to accrue—that is the emergency warranting this Renewed

The Honorable Colm F. Connolly
September 12, 2025
Page 2

Motion.  Every day the readership of the profile grows and distribution of incorrect information, which was shared with Bloomberg under a confidentiality agreement and disclosed by Bloomberg in violation of that agreement, becomes more widespread.

Defendants are eager to call this a prior restraint prohibited by the First Amendment.  But as the brief in support of the Renewed Motion establishes, that is a red herring.  This case concerns a claim for breach of an agreement to protect private information.

The harm has already begun to accrue.  The publication of Mr. Sun's private financial information puts him at imminent and increased risk of theft, hacking, kidnapping, and bodily harm.  *See* D.I. 22 (Clifford Koutsky Decl.) ¶¶ 9–16.  Moreover, in breaching the confidentiality agreement and publishing Mr. Sun's private TRX holdings, the Defendants also erroneously attributed to Mr. Sun additional TRX holdings that are not his, which makes him an increased target of hacking attempts specific to the TRON network and TRX—the greater the holdings, the more the holder is targeted.  That false inflated holdings information has also already been republished.  Publication in violation of the confidentiality agreement, particularly in light of the erroneous reporting of portions of the financial information, injures the TRON network—including its goodwill and reputation—as well as the TRON ecosystem participants, such as Mr. Sun.  *See* D.I. 23 (Sprina Wang Decl.) ¶¶ 22–24.

For these reasons, Mr. Sun respectfully requests that the Court schedule a hearing on the Renewed Motion.

Counsel is available should the Court have any questions.

Respectfully,

/s/  *Jeffrey J. Lyons*
Jeffrey J. Lyons (#6437)


cc:     All Counsel of Record (via CM/ECF)