# Exhibit 4

# LAW.COM

News    Litigation

# Crypto Billionaire Justin Sun Sues Bloomberg Over Wealth Report

Tron founder Justin Sun alleged Bloomberg breached confidentiality by publishing detailed cryptocurrency holdings in its "Billionaires Index" despite prior assurances.

August 14, 2025 at 11:45 AM    By     Michael A. Mora

## What You Need to Know

- The lawsuit says Bloomberg's Billionaires Index revealed private crypto wallet data despite confidentiality assurances.
- Justin Sun alleged that the disclosure put him at risk of theft, extortion or kidnapping.
- A legal expert said the case could test the limits of press freedom versus privacy rights.



Justin Sun, founder of TRON, during the Bitcoin 2025 conference in Las Vegas, Nevada, on May 27, 2025. Photo: Bridget Bennett/Bloomberg

Justin Sun sued Bloomberg in Delaware federal court, accusing the media company of putting a bullseye on his back by publishing confidential details about his cryptocurrency holdings in its "Billionaires Index" despite assurances the information would remain private.

In the litigation against Bloomberg, Sun is represented by Am Law 100 firm Baker & Hostetler.

"Confidentiality and the truth are both important and core components of trust," Baker & Hostetler said in a statement. "No one gets a free pass to violate confidentiality agreements and willfully disregard the truth, and Mr. Sun deserves swift justice and enforcement of his rights."

Bloomberg did not respond to a request for comment.

The case dates back to earlier this year, when Bloomberg allegedly approached Sun, the founder of the Tron blockchain, about whether he would like to be included in its online "Billionaires Index." The index is a ranked list of the world's wealthiest people.

To be included in the list, Bloomberg told Sun that it would need to verify his assets to confirm his net worth, including financial information regarding the value of specific assets and details related to his ownership of those assets, which are "highly confidential, sensitive, private, and proprietary information," according to the complaint.

And the complaint painted a months-long back-and-forth exchange between Sun's representatives and Bloomberg. Sun claimed the exchange was documented in WeChat and Telegram messages in which Bloomberg allegedly confirmed that his specific wallet holdings would remain confidential and would be used solely for verification. Sun's team emphasized the security risks tied to public blockchain data: Large wallets can be tracked, linked and potentially targeted for theft, extortion or kidnapping.

However, the relationship took a turn in July, according to Sun's account, when Bloomberg circulated a draft profile for his index entry. Sun alleged the draft included the "confidential" breakdown and multiple inaccuracies. A cease-and-desist letter followed, along with discussions between Sun and Bloomberg's general counsel. Ultimately, Bloomberg published the article last week.

Now, the case is pending before the U.S. District Court for the District of Delaware.

Sun alleged two counts: one, the public disclosure of private facts in which he argued the breakdown is not of legitimate public concern and is highly offensive to a reasonable person because it invites targeted attacks; and two, promissory estoppel, in which he asserted that Bloomberg's assurances created a binding expectation that his data would be used only for wealth verification.

Bruce S. Rosen, a partner in New Jersey at [Pashman Stein Walder Hayden](#) who specializes in media law and is not involved in the litigation, said, "This is just another attack on the free press."

Rosen observed the lawsuit is unclear as to which laws Sun is trying to enforce and questioned whether jurisdiction in Delaware is proper, given that the transaction appeared to have occurred in New York. If New York law applies, Rosen opined, the "tort doesn't exist."

With that said, for the promissory estoppel claim, based on the allegations in the four corners of the complaint, Rosen pointed to the U.S. Supreme Court case of *Cohen v. Cowles Media*. In that case, the justices ruled in a 5-4 decision that the First Amendment freedom of the press does not exempt journalists from generally applicable laws.

"This case is not frivolous. *Cowles* appears similar if plaintiff is telling the truth about what Bloomberg promised, which I have to be a bit skeptical about," Rosen said. "The counterpoint discussed in *Cowles* is the [*Daily Mail* principle](#), which is that you cannot punish truthful speech, unless it is in furtherance of a state interest of the highest order. I don't see that here."

Page printed from:

NOT FOR REPRINT

© 2025 ALM Global, LLC, All Rights Reserved. Request academic re-use from [www.copyright.com.](#) All other uses, submit a request to [asset-and-logo-licensing@alm.com.](#) For more information visit [Asset & Logo Licensing](#).