# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SUN, YUCHEN JUSTIN, | ) |
| Plaintiff(s), | ) ) ) |
| v. | ) C.A. No. 25-1007-CFC ) |
| BLOOMBERG L.P. and BLOOMBERG INC., | ) ) ) |
| Defendant(s). | ) ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

ARGUMENT ........................................................................................................1

    I.    NEW YORK LAW GOVERNS SUN'S CLAIMS. .........................................1

    II.   THE COMPLAINT FAILS TO STATE A CLAIM FOR PUBLIC
        DISCLOSURE OF PRIVATE FACTS. ........................................................5

    III.  THE COMPLAINT FAILS TO STATE A CLAIM FOR
        PROMISSORY ESTOPPEL. .........................................................................8

CONCLUSION .....................................................................................................10

# **TABLE OF AUTHORITIES**

## CASES

*Barker v. Huang*, 610 A.2d 1341 (Del. 1992) ............................................................... 6

*Barrera v. Monsanto Co.*, 2016 WL 4938876 (Del. Super. Ct. Sept. 13, 2016) ............................................................................................................ 5

*Bloom v. A360 Media LLC*, 735 F. Supp. 3d 466 (S.D.N.Y. 2024) ........................... 4

*CAE Inc. v. Gulfstream Aerospace Corp.*, 203 F. Supp. 3d 447 (D. Del. 2016) ............................................................................................................ 2

*Franklin Prescriptions, Inc. v. The New York Times Co.*, 267 F. Supp. 2d 425 (E.D. Pa. 2003) ............................................................................................... 3

*Frey v. Minter*, 829 F. App'x 432 (11th Cir. 2020) ..................................................... 4

*Germaninvestments AG v. Allomet Corp.*, 225 A.3d 316 (Del. 2020) ................... 2, 5

*James Cable, LLC v. Millennium Digit. Media Sys.,* 2009 WL 1638634 (Del. Ch. June 11, 2009) ........................................................................................... 9

*Jenkins v. Dell Pub. Co.*, 251 F.2d 447 (3d Cir. 1958) ................................................ 6

*Kinsey v. N.Y. Times Co.*, 991 F.3d 171 (2d Cir. 2021) ........................................ 3, 4

*Levin v. McPhee*, 917 F.Supp. 230 (S.D.N.Y. 1996) ................................................... 4

*Lowe v. Hearst Commc'ns, Inc.*, 487 F.3d 246 (5th Cir. 2007) ................................... 7

*McKenzie v. Navy Fed. Credit Union*, 760 F. Supp. 3d 146 (D. Del. 2024) ............. 9

*N. Am. Phillips Corp. v. Aetna Cas. & Sur. Co.*, 1991 WL 190305 (Del. Super. Ct. Aug. 30, 1991) ............................................................................... 2

*Powell v. Subaru of America, Inc.*, 502 F. Supp. 3d 856 (D. N.J. 2020) .................... 2

*Reardon v. News-J. Co.*, 164 A.2d 263 (Del. 1960) .................................................... 4

*Territory of U.S. V.I. v. Goldman, Sachs & Co.*, 937 A.2d 760 (Del. Ch. 2007) ............................................................................................................ 8

*Triestman v. Slate Grp., LLC.*, 2020 WL 1450562 (D. Del. Mar. 25, 2020) ........... 3

*VonFeldt v. Stifel Fin. Corp.*, 714 A.2d 79 (Del. 1998) ............................................10

*Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100 (3d Cir. 2018) ............7

*Whitwell v. Archmere Acad., Inc.*, 463 F. Supp. 2d 482 (D. Del. 2006) ....................2

## OTHER AUTHORITIES

Fed. R. Civ. P. 44.1 ......................................................................................................2

Restatement (Second) of Conflict of Laws (1971) .....................................................4

Restatement (Second) of Torts (1979) ........................................................................6

# INTRODUCTION

Plaintiff Justin Sun's Opposition brief underscores the multiple reasons why the Complaint fails to state a claim and should be dismissed.

Sun does not contest that his public disclosure of private facts claim fails under New York law because New York does not recognize the tort. And his Opposition makes plain that even if Delaware law applies, his claim should still be dismissed, both because, as a matter of law, the information in the Index was a matter of legitimate public interest and also not highly offensive to a reasonable person.

Sun's promissory estoppel claim also fails. His Opposition does not identify any "reasonably definite and certain" promise that went beyond Bloomberg's commitment to secure his data. Nor does it point to any non-conclusory allegations to establish that Bloomberg intended to induce him to provide his confidential financial information, or that he relied on such a promise.

# ARGUMENT

## I.   NEW YORK LAW GOVERNS SUN'S CLAIMS.

To begin, Sun argues that it would be "premature" to undertake a choice of law analysis on a 12(b)(6) record. Opp. 4, 7-8, 11. But he fails to cite any case from this District that has declined to resolve choice of law on this basis. This is no surprise, since courts in this District and elsewhere routinely decide choice of law issues at the motion to dismiss stage. *See, e.g.*, *CAE Inc. v. Gulfstream Aerospace*

*Corp.*, 203 F. Supp. 3d 447, 456-57 n.10 (D. Del. 2016); *Whitwell v. Archmere Acad., Inc.*, 463 F. Supp. 2d 482, 488 (D. Del. 2006).[1]

Although Sun suggests that Hong Kong law might apply, he has no basis to criticize Bloomberg for not analyzing Hong Kong law; he did not assert a substantive argument for its application, either in his injunction papers, which applied Delaware law, or in his Opposition. Thus, he failed to carry his burden "of establishing the substance of the foreign law to be applied." *See Germaninvestments AG v. Allomet Corp.*, 225 A.3d 316, 333 (Del. 2020); *see also* Fed. R. Civ. P. 44.1.

Furthermore, Sun acknowledges that the most significant relationship test controls the choice of law analysis. Opp. 4. Its application squarely indicates that New York law should apply here.

For the first factor, Sun fails to address that courts do not automatically find that a plaintiff suffered the greatest harm in his domicile when he has been harmed in multiple jurisdictions by publication of allegedly injurious statements. *See* Opp. 4-11. Because Sun does not claim any specific injury in Hong Kong, instead

---

[1] Sun cites *Powell v. Subaru of America, Inc.*, but ignores the court resolved choice of law on a 12(b)(6) motion. 502 F. Supp. 3d 856, 875-881 (D. N.J. 2020). And *North American Phillips Corporation. v. Aetna Casualty & Surety Company* concerned whether summary judgment briefing should be stayed pending discovery into the drafting and interpretation of a contract. 1991 WL 190305, at *1-3 (Del. Super. Aug. 30, 1991).

referring to broad harms experienced around the globe, the law of his domicile carries little weight. MTD 8.[2]

The second and third factors support application of New York law because the published statements "emanated" from Bloomberg's headquarters in New York. MTD 9-10; Am. Compl. ¶¶ 7-8; *see Kinsey v. N.Y. Times Co.*, 991 F.3d 171, 178 (2d Cir. 2021). Sun's response that he needs discovery to test "the scope of Bloomberg's business and connections in Delaware, New York, and Hong Kong," Opp. 8, is unavailing; the Complaint alleges that New York is Bloomberg's "principal" place of business, Am. Compl. ¶¶ 7-8, and Sun cites no competing allegation to suggest otherwise.

Sun's efforts to distinguish the multiple cases Bloomberg cites as applying New York law under similar circumstances fall short. His primary response is that Bloomberg's cases were defamation cases, rather than private facts cases. But the choice of law rules for multi-state defamation claims and multi-state invasion of

---

[2] While Sun cites *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, the plaintiff there was "a small, solely owned pharmacy" located in Pennsylvania, with "its professional reputation and business contacts . . . based in that state[,]" so plaintiff's injury was locally concentrated. 267 F. Supp. 2d 425, 429, 432-33 (E.D. Pa. 2003). This is in stark contrast to Sun, whose global blockchain platform is "one of the most active … in the world." Am. Compl. ¶ 2. And in *Triestman v. Slate Group*, the court focused on plaintiff's domicile state because neither party proposed applying law from the state of publication. 2020 WL 1450562, at *3 (D. Del. Mar. 25, 2020).

privacy claims are the same. *See* Restatement (Second) of Conflict of Laws § 153 cmt. (d) (1971).[3]

As for the final factor, Sun's opposition leaves little doubt that New York has a strong public policy interest in protecting the free speech rights of its publishers like Bloomberg. *See* MTD 10-11. Sun claims that such "free speech interests" are only present "in cases alleging defamation," and "have no relevance in a case alleging promissory estoppel and public disclosure of private facts such as those pleaded here." Opp. 10. Not true. *Both* "defamation and privacy claims . . . implicate first amendment concerns." *Bloom v. A360 Media LLC*, 735 F. Supp. 3d 466, 478 (S.D.N.Y. 2024) (quotation marks omitted); *see also, e.g.*, *Reardon v. News-J. Co.*, 164 A.2d 263, 267 (Del. 1960) (emphasizing that claims for invasion of privacy are limited by "the freedom of the press"). In addition, Sun does not dispute that New York has expressed its policy of press protection with a particularly robust anti-SLAPP law that would apply here.

---

[3] The cases cited by Bloomberg are thus all pertinent here. In *Kinsey*, the court applied New York law due to its "strong policy interests in regulating the conduct of its citizens and its media," even while acknowledging that plaintiff lived in Maryland and was employed in D.C. 991 F.3d at 178. The court in *Levin v. McPhee* applied New York law because most significant relationship factors—the state of publication and defendant's headquarters—pointed to New York. 917 F. Supp. 230, 236 (S.D.N.Y. 1996). So too here. And in *Frey v. Minter*, the court assumed that plaintiff suffered greater injury in Florida, his domicile state, but still applied Georgia law in part because the challenged statements were made in Georgia to a Georgia newspaper. 829 F. App'x 432, 435-36 (11th Cir. 2020).

4

As for Delaware, the only limited interest Sun notes is that Bloomberg is incorporated in the state. *See* MTD 11 (citing several cases declining to apply Delaware law merely because a party was incorporated in that state).[4] But Sun fails to explain how this could overcome New York's interest, particularly given that Sun does not allege that any of the alleged conduct took place in Delaware.

To the extent the Court disagrees with the application of New York law, the law of the forum state would apply. *Cf. Germaninvestments*, 225 A.3d at 337 (applying Delaware law where the party asserting foreign law had failed to carry its burden). As Bloomberg explained in its Motion to Dismiss and again below, Sun's claims should be dismissed under the law of either jurisdiction.

## II. THE COMPLAINT FAILS TO STATE A CLAIM FOR PUBLIC DISCLOSURE OF PRIVATE FACTS.

Sun does not contest that if New York law applies, his claim for public disclosure of private facts must be dismissed. MTD 11.

Even if Delaware law applies, Sun still fails to state a claim, for four reasons.

First, Sun repeatedly emphasizes his allegation that Bloomberg's reporting of his Tronix holdings was false. *See, e.g.*, Opp. 13-14, 17. This *undermines* his claim,

---

[4] The Opposition cites one case about Delaware's general interest in regulating entities incorporated under its laws, but that case is inapposite because it concerns *forum non conveniens*, which requires a movant to show it will experience "overwhelming hardship" if required to defend itself in the forum state. *Barrera v. Monsanto Co.*, 2016 WL 4938876, at *4 (Del. Super. Ct. Sept. 13, 2016).

because the public-disclosure tort concerns publication of *true* information. *See Barker v. Huang*, 610 A.2d 1341, 1350 (Del. 1992) ("Barker's pleadings complain only of *false* accusations by Huang and therefore fail to state a cognizable claim under the 'unwanted publicity' variety of the tort of invasion of privacy."); *see also* Restatement (Second) of Torts § 652D (1979). Sun cannot sustain a private facts claim based on his allegations that Bloomberg published inaccurate information on his Tronix assets. *See also* MTD 6 n.3.

Second, Sun's own Opposition actually supports that the cryptocurrency estimates published by Bloomberg are a matter of legitimate public concern. Sun argues that the disclosed information "erodes TRON users' trust in the blockchain," because it suggests that Sun "can exert significant influence over the price of the cryptocurrency." Opp. 14. His argument is fatal to his claim; it underscores precisely why the publication is newsworthy. The interest of the cryptocurrency community and investing public in the Index easily surpasses the low bar required. *See Jenkins v. Dell Pub. Co.*, 251 F.2d 447 at 450, 452 (3d Cir. 1958) (courts should dismiss private fact claims unless "the lack of any meritorious public interest in disclosure is very clear"); *see also* MTD 12-13. Sun also claims there cannot be a legitimate public concern where the media allegedly obtains information under false pretenses, Opp. 16, but cites no legal authority and does not explain how the alleged

6

means of reporting—which are not public—could undermine the public's interest in the published facts.

Third, Sun does not dispute that courts afford significant deference to journalistic judgments of newsworthiness. MTD 12-13. Where, as here, an invasion of privacy claim is brought against a news publication, courts are wary of "excessive judicial intervention" in reporting and editorial decision-making. *Lowe v. Hearst Commc'ns, Inc.*, 487 F.3d 246, 251 (5th Cir. 2007)

Fourth, Bloomberg's summary of Sun's cryptocurrency assets as a matter of law is not highly offensive to a reasonable person. Sun contends that Bloomberg's high-level estimate of his cryptocurrency assets was offensive because it allegedly placed him at risk of kidnapping and hacking, Opp. 13, but this is speculative and implausible. The Opposition makes plain that more than two months after publication, Sun still cannot identify any harm that he actually experienced. In addition, as the Court acknowledged in its TRO Order, any such allegation is undermined by the fact Sun voluntarily disclosed "far more specific information about his Bitcoin holdings[.]" D.I. 39 at 8; D.I. 41-3.[5] The Court need not accept Sun's allegations as true where they are plainly contradicted by exhibits or facts subject to judicial notice. *See Vorchheimer v. Philadelphian Owners Ass'n*, 903

---

[5] Sun does not contest that he disclosed his precise Bitcoin holdings on X.com on February 27, 2024. *See* D.I. 41-3; Opp. 12 n.3.

7

F.3d 100, 111-12 (3d Cir. 2018). Sun's argument that his Bitcoin disclosure was in 2024 doesn't help him; if anything, it shows that he cannot point to any actual harm that he has experienced, even after a year of publication of specific cryptocurrency holdings.

### III. THE COMPLAINT FAILS TO STATE A CLAIM FOR PROMISSORY ESTOPPEL.

There is no conflict between Delaware and New York law, *see* MTD 17 n.9, and the parties agree "that Delaware law applies to Mr. Sun's promissory estoppel claim." Opp. 17. The Opposition underscores that there are three reasons why the claim fails.

First, Sun does not plausibly allege Bloomberg made him a "reasonably definite and certain" promise that Bloomberg would not publish the cryptocurrency breakdown. *Territory of U.S. V.I. v. Goldman, Sachs & Co.*, 937 A.2d 760, 804 (Del. Ch. 2007), *aff'd,* 956 A.2d 32 (Del. 2008). Sun points to his allegation that a Bloomberg reporter told him that his financial information "would be kept strictly confidential and would only be used to verify his personal assets for the Billionaire's Index profile." Opp. 16 (quoting Am. Compl. ¶ 18). At most, these were statements about how Bloomberg would secure Sun's financial data. Am. Compl. ¶¶ 18, 22. But Sun does not plausibly allege Bloomberg made any promises regarding the detail it would use when describing his cryptocurrency holdings. Even if Bloomberg's "assurances" could be read as a promise of some confidentiality, Am. Compl. ¶ 19,

8

Sun's "extremely vague" description of Bloomberg's alleged representations about what Bloomberg would publish in the Index does not "amount to a real promise" enforceable in court, *James Cable, LLC v. Millennium Digit. Media Sys.,* 2009 WL 1638634, at *5 (Del. Ch. June 11, 2009).

In a footnote, Sun contends that other written communications the Court previously reviewed and found to "concern data security," are now "sufficient to support [Sun's] assertions." Opp. 19 n.4 (quoting TRO Op. at 6). Sun does not even attempt to explain why those communications support his promissory estoppel claim. *See id.* In any event, because the Complaint incorporates those communications, *see* MTD n.1, the Court can review them at this stage and again conclude that they are not "a promise to refrain from publishing details about Sun's cryptocurrency holdings." TRO Op. at 6 (reviewing D.I. 23-2).

Second, Sun does not plausibly allege that Bloomberg reasonably expected to induce Sun's action or forbearance. In his opposition, Sun does not point to any allegations in his Complaint that support this element. Opp. 17-21. That is because Sun's allegations merely recite the legal standard for promissory estoppel. Am. Compl. ¶¶ 72-74. The Court need not credit such conclusory allegations and should dismiss Sun's claim. *See McKenzie v. Navy Fed. Credit Union*, 760 F. Supp. 3d 146, 151 (D. Del. 2024).

9

Third, Sun does not plausibly allege that he reasonably relied to his detriment. In his opposition, Sun cites only one paragraph in his Complaint to support his claim of reasonable reliance. Opp. 20 (citing Am. Compl. ¶ 24). But that paragraph quotes communications between Sun's representatives and a Bloomberg reporter in which one of Sun's representatives asks for "protection of our data" and the Bloomberg reporter confirms such data security. Am. Compl. ¶ 24. That paragraph has nothing to do with Sun's purported reliance on a promise by Bloomberg to refrain from publishing details about his cryptocurrency holdings. The remainder of Sun's Complaint shows that his decision to provide his financial information to Bloomberg was "[b]ased on" his "careful[] review" of other Index profiles. Am. Compl. ¶ 20. Because Sun did not "actually rel[y] on [a] promise" by Bloomberg not to publish the cryptocurrency breakdown when Sun provided his financial data, his claim fails. *VonFeldt v. Stifel Fin. Corp.*, 714 A.2d 79, 87 (Del. 1998).

## **CONCLUSION**

New York does not recognize Sun's public disclosure of private facts claim, which would also be dismissed with prejudice under Delaware law based on public interest analysis. And while Sun has had multiple opportunities—in his initial TRO motion, his Complaint, his renewed TRO motion, and his Amended Complaint—to state a claim for promissory estoppel based on communications he personally had

with Bloomberg, Sun has proven incapable of doing so. Sun's Complaint should be dismissed with prejudice.

| | |
|---|---|
| Dated: October 30, 2025 | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ James M. Yoch, Jr.*<br>James M. Yoch, Jr. (Bar No. 5251)<br>Robert M. Vrana (Bar No. 5666)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6726<br>jyoch@ycst.com<br>rvrana@ycst.com<br><br>Thomas G. Hentoff (pro hac vice)<br>Nicholas G. Gamse (pro hac vice)<br>Tiffany Keung (pro hac vice)<br>Ian M. Swenson (pro hac vice)<br>WILLIAMS & CONNOLLY LLP<br>680 Maine Avenue, SW<br>Washington, DC 20024<br>(202) 434-5000<br>thentoff@wc.com<br>ngamse@wc.com<br>tkeung@wc.com<br>iswenson@wc.com<br><br>*Counsel for Defendants* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUN, YUCHEN JUSTIN, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) C.A. No. 25-1007-CFC |
| | ) |
| BLOOMBERG L.P. and BLOOMBERG INC., | ) |
| | ) |
| Defendant(s). | ) |

## CERTIFICATION OF COMPLIANCE
## WITH TYPE, FONT, AND WORD LIMITATIONS

This brief complies with the Court's Standing Order Regarding Briefing in All Cases. It has been prepared in Times New Roman 14-point type, and contains 2,498 words, which were counted by Microsoft Word.

Dated: October 30, 2025

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ James M. Yoch, Jr.*
James M. Yoch, Jr. (Bar No. 5251)
Robert M. Vrana (Bar No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6726
jyoch@ycst.com
rvrana@ycst.com

Thomas G. Hentoff (*pro hac vice*)
Nicholas G. Gamse (*pro hac vice*)

        Tiffany Keung (*pro hac vice*)
        Ian M. Swenson (*pro hac vice*)
        WILLIAMS & CONNOLLY LLP
        680 Maine Avenue, SW
        Washington, DC 20024
        (202) 434-5000
        thentoff@wc.com
        ngamse@wc.com
        tkeung@wc.com
        iswenson@wc.com

        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 30, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jeffrey J. Lyons
BAKER & HOSTETLER LLP
1201 N. Market Street, Suite 1407
Wilmington, DE 19801
jjlyons@bakerlaw.com

Isabelle Corbett Sterling
BAKER & HOSTETLER LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
isterling@bakerlaw.com

Teresa Goody Guillen
Katherine L. McKnight
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW
Suite 100
Washington, D.C. 20036
tgoodyguillen@bakerlaw.com
kmcknight@bakerlaw.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ James M. Yoch, Jr.*
James M. Yoch, Jr. (No. 5251)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
jyoch@ycst.com
rvrana@ycst.com

*Attorneys for Defendants*